# Dollar Savings Fund & Trust Company, Appellant, *v.* Pittsburg Plate Glass Company.

*Corporations—Stock—Certificate of stock—Transfer agent—Forgery—Negligence.*

Where a stock certificate shows on its face that it "will not be valid unless countersigned" by a transfer agent, anyone who takes the certificate without the signature of the transfer agent does so at his peril.

Where a person lends money on a certificate of stock on which the signature of the transfer agent is forged, he cannot allege that the corporation issuing the stock was negligent because after the certificate had been signed

by its president and secretary, and the seal of the corporation attached, it left it where a clerk had access to it, and took it and forged the name of the transfer agent on it. It is only where a certificate is genuine on its face, although improperly issued, that the question of the negligence of the corporation can be raised.

Argued Oct. 23, 1905. Appeal, No. 179, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1904, No. 282, on demurrer to statement in case of Dollar Savings Fund & Trust Company v. Pittsburg Plate Glass Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass for the alleged negligent issue of a stock certificate.

McCLUNG, J., filed the following opinion:

In the present discussion we must, of course, take as absolutely true every fact well pleaded in the statement, and must also draw therefrom every reasonable inference which a jury might draw in plaintiff's favor.

The sixth cause of demurrer is properly criticised as "speaking" because it involves an inference of fact against the averments of the declaration, and hence we disregard it.

Allowing plaintiff every legitimate advantage, we should regard him as averring that the wrong done, in issuing the stock certificate, was done by C. H. Alward, a clerk or ordinary employee of defendant company. To assume that the certificate was abstracted and Carr's name signed by an outsider would be against plaintiff, because as to such party the responsibility of defendant for his acts would not be as great as it would be for those of an employee. On the other hand, if Alward occupied a higher position, with higher and greater powers with respect to the issue of these stocks, whereby defendant's responsibility for his acts was increased, it was plaintiff's duty to aver these facts in his narr., and this he has not done.

We cannot fall in with plaintiff's contention that the name, "The Union Trust Company of Pittsburg," printed in the forms with a blank for the signature of the proper officer, is a signature by the trust company without having the blank filled.

We take it that the necessity for the signature of some officer is well known in such cases, and plaintiff certainly never looked upon the Carr signature as surplusage.   We may treat Carr as the proper officer of the company, because otherwise plaintiff is in no better condition, in that he has not even a pretended signature of the party who was to countersign.

We are, then, to deal with the following as admitted facts, viz.:

1. The defendant company caused the certificate for seventy-five shares of stock to be signed by its president and secretary, and the seal of the corporation attached, and left it where Alward, a clerk, had access to it, and could, and did, take it out of the book, sign the name of Carr in its proper place, thus making it apparently complete, and then transferred it to Lillian K. Alward, who, by pledging it to plaintiff, obtained a large sum of money.

2. This certificate contained below the signatures of the president and secretary, and above the seal the following, viz.: "This certificate will not be valid unless countersigned by the Union Trust Company of Pittsburg, registrar of transfers."

3. Although the defendant company was notified some months before it was pledged to plaintiff that this certificate had been taken from the book and had not been registered, it did not advertise this fact, nor in any way attempt to warn persons to whom it might be offered for sale or as collateral security.

If plaintiff prove all these facts, will it have a case which the court will submit to the jury?

We assume that if these certificates are binding upon defendant as between it and plaintiff, there can be a recovery here of damages either to the amount of the loan or the value of the stock.   We need not now concern ourselves as to this.

Plaintiff contends:

1. That the certificates are valid and binding without countersigning by the registrar; or

2. That if not, then a jury would legally be justified in finding the defendant guilty of such negligence in dealing with the certificate as to estop it from repudiating it, even if Carr's name was forged by Alward or by his procurement.

The Act of June 24, 1895, P. L. 258, provides that any stockholder of a corporation shall be entitled to receive a certificate of the number of shares standing to his credit on the books, "which certificate shall be signed by the president or vice president or other officer designated by the board of directors, countersigned by the treasurer and sealed with the common seal of the corporation."

This, however, does not prevent the corporation, if it is willing to give such certificates, from taking such further precautions, as it sees fit, to provide against the simulation of such signatures ; and if a party who receives a certificate signed and sealed as provided by the act of assembly, is, at the same time, given express notice that the certificate is not good and will not be recognized as a certificate until it has another signature, such party cannot then pay money for such stock and claim that the company is in equity estopped to deny the validity of the certificate, and bound to recognize the party as a stockholder or to pay him damages, if the certificate was in fact fraudulently or improperly issued.

In the present case, the notice of this requirement was right on the face of the certificate and preceded the seal of the corporation.

It matters not that the good effects of the additional precaution may, in this particular case, have been nullified, by its leading to the sealing and signing by president and treasurer in blank—the fact still remains that this was not a complete certificate until it had the signature of the Union Trust Company, or practically the signature of James S. Carr. His signature was just as necessary to the completion of the certificate as was the signature of either the president or the secretary.

This brings us to the main question in the case, viz.: Whether or not the proof of the fact that the president and secretary signed this certificate and sealed it and left it where it could be taken by an employee and it was so taken and James S. Carr's signature forged, and the certificate pledged for money advanced by plaintiff, would present such a case as would make it proper to submit to a jury the question of fact as to whether or not defendant's negligence was the proximate cause of plaintiff's loss.

We take it that upon the presentation of such a case it would

be the duty of the court to say, that even assuming negligence on the part of defendant in dealing with the certificate, the proximate cause of the loss was the failure of plaintiff to verify the signatures to the paper,—a duty which rested on it.

All the cases show that it is only when a party holds a certificate to which is attached the genuine signatures of the parties who must sign to make it good, that the question arises as to whether or not the company is liable to him because of negligence, when the certificate is in fact false by reason of having been unproperly or fraudulently issued.

The doctrine is stated thus in Allen v. South Boston Ry. Co., 150 Mass. 200 (22 N. E. Repr. 917), viz.:

" The ground upon which a corporation is held liable to a bona fide purchaser for value of false certificate of its stock issued under its seal signed by the proper officers and apparently genuine, is that the certificates are statements by the corporation of facts which it is its duty to know, and which cannot well be known to the purchasers."

So in Railway Co. v. Citizens' National Bank, 56 Ohio, 351 (47 N. E. Repr. 249) ; and R. R. Co. v. Schuyler, 34 N. Y. 30, the obligation of the purchaser to make inquiry as to the genuineness of the signatures is recognized and it is only when the signatures are found to be genuine that the duty of the company to stand by its representations comes into play, or that its duty to the purchaser to take care as to the issue of the certificate arises.

These three cases are cited and relied upon by plaintiff :

Even the cases of strictly negotiable instruments, where such changes are made in the instrument as to amount to the crime of forgery, and the maker is held liable because he signed negotiable paper in such form as to readily admit of fraudulent alteration, all assume the genuineness of the signature and do not even suggest that any business man owes to another the duty of seeing that a third party does not forge his signature to an instrument of writing.  See Zimmerman v. Rote, 75 Pa. 188 ; Garrard v. Haddan, 67 Pa. 82 ; McSparran v. Neeley, 91 Pa. 17.

The case of Robb v. Penna. Co., 186 Pa. 456, does not aid plaintiff, because in that case no one even suggests liability on the part of the ostensible drawer of the check save upon the

assumption that the rubber stamp signature was his genuine signature.

Until the plaintiff shows a certificate, to which are attached the genuine signatures of all the parties whose signatures are necessary to its validity, he is not even entitled to enter the lists where the contest as to the negligence of the company is to be fought out.

When he has such signatures, he may well say that it is the company's business, not his, to know whether or not its officers used the money received for the stock honestly or dishonestly, — or whether or not there was an overissue, or whether the issue of this certificate was in fact without authority, or whether it was by negligence put into circulation unintentionally.

In the present case, if the certificate had been signed by the president and secretary and sealed and left with Carr and he had signed it without authority and issued it fraudulently, the company would doubtless be bound to recognize its validity, or if Alward had obtained Carr's genuine signature the result would be the same. But the duty to ascertain the genuineness of the signatures, or the risk of acting without inquiry as to this, rests upon the purchaser, and when he neglects this duty or assumes this risk he has no standing to show negligent conduct on the part of defendant, or any conduct not amounting to an adoption of the forged signature as his own.

Possibly if this certificate purporting to have Carr's signature attached had been put upon the market by an officer of defendant company, such as the president and secretary, who, in dealing with the issue of stock, must be regarded as the company, it would be estopped, but we do not have such a case.

That " where one of two innocent persons must suffer from the fault of a third, the loss must be borne by the one whose negligence enabled the third person to commit the fraud " is a generalization sanctioned by use for considerably more than a century, but, like many another excellent rule, its application calls for discretion and discrimination, and when plaintiff fails in a duty of care which he owes to himself, fully as imperative as any owed to him by defendant, and thus, and thus alone, bring himself within the scope of the effects of defend-

ant's negligence, he cannot be heard to say that defendant's negligence and not his own, was the proximate cause of his loss.

Nor can it with any propriety be said that one who simply leaves a paper where his employee may complete it by forging a signature, is estopped to deny the genuineness of the signature as against one whose duty it was to satisfy himself as to such signature.

We cannot see that defendant is estopped by failure to give notice of the fact that a certificate not fully executed had disappeared.

Plaintiff is again met by its own failure to take care on its own behalf. Failure to give notice could not make good a certificate void for want of a necessary signature.

The authorities cited by plaintiff are simply to the effect, that when a negotiable instrument is in the hands of some unknown person who cannot recover it, the proper course for the maker to pursue is to attempt to give such notice that it cannot come into the hands of a purchaser without notice, and thus prevent him from setting up his defense.

This is only incidental advice, as so commonsense a proceeding does not need the sanction of a court's judgment.

The conclusions arrived at by us are sustained by many cases, amongst them the following viz.: Penna. Co. for Ins. on Lives, etc., v. Franklin Fire Ins. Co., 181 Pa. 40; Hill v. Jewett Publishing Co., 154 Mass. 172 (28 N. E. Repr. 142); Knox v. Eden Musee Co., 148 N. Y. 441 (42 N. E. Repr. 988); Mass et al. v. M., K. & T. Ry. Co., 83 N. Y. 223.

We are of opinion that the demurrer to the statement of plaintiff should be sustained.

*Error assigned* was the judgment of the court.

*D. T. Watson,* with him *James W. Collins* and *John M. Freeman,* for appellant.—The plaintiff was not guilty of contributory negligence in not verifying the signature to the stock certificate before accepting it as collateral for the loan: Shattuck v. Cement Co., 205 Pa. 197; Kisterbock's App., 127 Pa. 601; Ry. Co. v. Citizens' Nat. Bank, 56 Ohio, 351 (47 N. E. Repr. 249); Real Estate Trust Co. v. Bird, 90 Md. 229 (44

Atl. Repr. 1048); Knox v. Eden Musee Co., 74 Hun, 483 (26 N. Y. Supp. 482) ; Willis v. Phila. & Darby R. R. Co., 13 Phila. 33; Robb v. Penna Co., 186 Pa. 456; Wood's Appeal, 92 Pa. 379.; Brown v. Reed, 2 W. N. C. 230; Zimmerman v. Rote, 75 Pa. 188 ; Garrard v. Haddan, 67 Pa. 82; McSparran v. Neeley, 91 Pa. 17 ; Fifth Ave. Bank v. R. R. Co., 137 N. Y. 231 (33 N. E. Repr. 378); Allen v. So. Boston Railway Co., 150 Mass. 200 (22 N. E. Repr. 917); Isham v. Post, 141 N. Y. 100 (35 N. E. Repr. 1084) ; Western Maryland R. R. Co. v. Bank, 60 Md. 36; Salisbury Mills v. Townsend, 109 Mass. 115; Tome v. R. R. Co., 39 Md. 36.

The defendant company was clearly negligent in signing the certificate and attaching the corporate seal thereto, and thereafter failing to safeguard it: Allen v. Ry. Co., 150 Mass. 200 ; Ry. Co. v. Bank, 56 Ohio, 351 ; Havens v. Tarboro Bank, 132 N. C. 214 (43 S. E. Repr. 639) ; Brown v. Reed, 2 W. N. C. 230; Garrard v. Haddan, 67 Pa. 82; McSparran v. Neeley, 91 Pa. 17.

The duty to protect the public requires the use of due diligence to provide against forgeries : Tome v. R. R. Co., 39 Md. 36.

The defendant company was clearly guilty of negligence in not advertising the loss of this certificate after it discovered that the same was missing from its stock book. This was clearly a duty which it owed to the public, and had it performed this duty, in all probability the plaintiff company would not have sustained any loss.

The certificate of stock, as signed and sealed by the company, was complete. The negligence of the company consisted in intrusting or giving its employees access, not to an incomplete certificate, but to a complete one.

*William Scott,* of *Dalzell, Scott & Gordon,* with him *R. H. Hawkins,* for appellee.—Defendant's acts were not the proximate cause of plaintiff's loss: Young v. Grote, 4 Bing. 253 ; Bank of Ireland v. Evans's Charities, 5 H. L. C. 389 ; Hill v. Jewett Pub. Co., 154 Mass. 172 (28 N. E. Repr. 142) ; Knox v. Eden Musee Co., 148 N. Y. 441 (42 N. E. Repr. 988) ; Ry. Co. v. Bank, 56 Ohio, 351 ; Farmers' Bank v. Safe & Lock Co., 66 Ohio, 367 (64 N. E. Repr. 518).

The conduct of the defendant did not constitute negligence: Hill v. Jewett Pub. Co., 154 Mass. 172; Manhattan Life Ins. Co. v. Ry. Co., 139 N. Y. 146 (34 N. E. Repr. 776); Maas v. Ry. Co., 83 N. Y. 223.

The duty incumbent upon the plaintiff was to ascertain whether or not the signatures were genuine.

· Per Curiam, January 2, 1906 :

Judgment affirmed on the opinion of the court below.

